UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

LAJEFF LEE PERCY WOODBERRY,   Case No. 19-CV-12576

                                                  HON. GEORGE CARAM STEEH

     Debtor.
_____/

LAJEFF LEE PERCY WOODBERRY,

     Appellant,

DANIEL M. McDERMOTT, U.S.
TRUSTEE, MARK H. SHAPIRO,
CHAPTER 7 TRUSTEE,

     Appellees.
_____/

ORDER AFFIRMING BANKRUPTCY COURT,
DENYING APPELLANT'S MOTION TO STAY BANKRUPTCY
PROCEEDINGS AS MOOT (ECF No. 9), AND
DENYING APPELLANT'S EX PARTE MOTION THAT COURT DECIDE
<u>APPEAL BY DATE CERTAIN (ECF No. 17 ) AS MOOT</u>

     Now before the court is Appellant LaJeff Lee Percy Woodberry's ("Appellant" or "Debtor") appeal of the bankruptcy court's order denying his request to convert his Chapter 7 case to Chapter 13. Appellees, the Chapter 7 Trustee, Mark H. Shapiro, and the United States Trustee, Daniel M. McDermott, have filed briefs opposing the appeal. The bankruptcy court

- 1 -

denied the Debtor's motion on the grounds, among other things, that Debtor's pre-petition and post-petition conduct did not evidence good faith based on fraudulent conveyances and failure to disclose transfers. (ECF No. 5, PageID473-81). Debtor appeals that decision, and also seeks to appeal the bankruptcy court's decision to base its opinion on the undisputed facts without an evidentiary hearing, and complains that the bankruptcy court did not afford him sufficient leeway given his pro se status.[1] For the reasons set forth below, the decision of the bankruptcy court shall be AFFIRMED. Also pending before the court is Appellant's motion to stay bankruptcy proceedings pending appeal (ECF No. 9), and ex parte motion to set a date certain for appeal decision (ECF No. 17), both of which shall be DENIED as moot.

**I. Factual Background**

Debtor previously owned a hair salon that rented space from landlord Ramco-Gershon Properties, L.P. ("Ramco"). Ramco sued Debtor and his

---

[1] Although Appellant identifies 16 issues on appeal (ECF No. 5, PageID.483-84), the court only addresses those issues addressed in his brief. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *United States v. Layne,* 192 F.3d 556, 566 (6th Cir.1999) (quoting *McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir.1997)).
.

company in Michigan state court, and secured a judgment against them on June 8, 2017 for $10,121, and an additional $14,911 in attorney's fees on February 15, 2018. Debtor still owes Ramco $23,733. On May 9, 2018, Debtor filed his Chapter 7 bankruptcy petition. He reported only $4,125 in assets and over $111,000 in liabilities, monthly income of $3,020, all from a disability retirement, with a net monthly income of $45.23 after payment of monthly expenses. He is unemployed and his only source of income is a disability pension. Debtor reported his wife's monthly income was $3,465, from her employment as the office manager for Family First, L.L.C. ("Family First") which owns and operates a hair salon. Debtor had owned an interest in Family First, but took his name "off" of the ownership in 2018 because he "was being harassed" by the judgment creditor.

Debtor filed his bankruptcy schedules and statement of financial affairs under penalty of perjury which omitted three relevant transactions. On his bankruptcy schedules, he failed to comply with mandatory disclosure requirements when he disclosed no interests in real properly and no transfers to anyone outside the ordinary course of business in the prior two years. But in fact, on February 16, 2018, the day after the attorney fee award in the Ramco litigation, Debtor quit-claimed his residence to his wife. Although the deed claims to have been executed some five years earlier on

January 28, 2013, in fact it was not recorded with the register of deeds until February, 2018, one day after the attorney fee award was entered in the Ramco litigation[2]. Second, in January, 2018, Debtor cashed an annuity in the amount of $55,048 which he transferred to his wife, but did not disclose that transfer as required in his Statement of Financial Affairs. Third, sometime in 2017, Debtor received a lump sum disability payment from his prior employer in the amount of $115,790 which he transferred to his wife. Again, he failed to disclose that transfer on his Statement of Financial Affairs. Also, Debtor removed his name as an owner of Family First in 2018 but failed to disclose that either. Debtor also failed to list a $74,000 debt owed to Dyck-O'Neal, Inc. and the existence of an auto-negligence suit pending against him, his wife, Family First, and the hair salon.

As a result of Debtor's failure to make required disclosures regarding the transfers of funds and real property to his wife, the Chapter 7 Trustee has initiated an adversary proceeding against Debtor's wife to avoid and recover the transfers, and United States Trustee against Debtor, seeking to deny his discharge because Debtor has concealed, destroyed, falsified or

---

[22] Debtor later filed an amendment to schedule C to claim a homestead exemption in the real property he had quit claimed to his wife, but the Chapter 7 Trustee objected on the grounds the Debtor did not own the property and the court sustained the objection.

failed to keep recorded information, and has knowingly and fraudulently withheld information from the Trustee, and failed to explain a loss of assets to meet his liabilities. Both adversary proceedings are pending in the bankruptcy court which ordered the matters be mediated. Mediation was unsuccessful and closed on May 17, 2019.

Shortly thereafter, Debtor filed his motion to convert his Chapter 7 case to a Chapter 13 case. A Chapter 7 case allows a debtor to pay a Chapter 7 trustee nonexempt property, which the trustee collects and distributes the proceeds, if any, to the debtor's creditors. In exchange, an individual may receive a discharge of his debts. Chapter 13, on the other hand, allows an individual with a regular income to obtain a discharge of his debts if he pays his creditors in accordance with a court-confirmed plan. At the hearing regarding his motion to convert to a Chapter 13 petition, the bankruptcy court noted that she lacked a proposed plan from the Debtor. (ECF No. 5, PageID.416). Debtor offered that he planned to refinance the residence owned by his wife and to use any assets he had to pay off his debts. (ECF No. 5, PageID.414). The bankruptcy court addressed that offer in its written opinion denying Debtor's conversion motion as follows, "[t]he Debtor's suggestion, unaccompanied by any details, that he and [his wife] could refinance [his wife's home] is not a plan, but just a way of

ensuring that the Debtor and [his wife] – as opposed to the Trustee – have control over the liquidation of the [home]." (ECF No. 5, PageID.478).

Both the Chapter 7 Trustee and United States Trustee opposed the motion. The Chapter 7 Trustee opposed the motion because (1) Debtor had not shown the feasibility of a Chapter 13 plan given his small monthly surplus; (2) Debtor's request was in bad faith because of his transfer of his residence and over $200,000 to his wife to avoid paying Ramco and the timing of his request suggested he was only sought to convert his case after the Trustee sought to recover the transferred property for the benefit of creditors; and (3) Debtor had no sincere desire to repay his debts but was merely reacting to the filing of the adversary proceedings. The United States Trustee objected to conversion to a Chapter 13 case on the grounds that he had acted in bad faith by transferring his residence and the two sources of funds described above to his wife, and for failing to disclose or document those transactions as required.

On July 19, 2019, the bankruptcy court held a hearing on the Debtor's motion to convert his Chapter 7 case to Chapter 13. The court issued its written opinion on September 27, 2019. The court considered whether an evidentiary hearing was required, although Debtor had never requested one, but determined that it could make its decision based on the

undisputed facts. The bankruptcy court denied Debtor's motion on the grounds that (1) Debtor hid assets from the judgment creditor pre-petition; (2) Debtor filed false schedules and statements of financial affairs that failed to disclose transfer of the real property and two lump sums to his wife, and his divestment of an interest in Family First; (3) Debtor litigated frivolous issues by among other things, claiming an exemption for his residence although admitting he did not own it; (4) Debtor falsely accused Judgment Creditor and Chapter 7 Trustee and United States Trustee of misconduct; (5) Debtor failed to submit a Chapter 13 plan; and (6) Debtor failed to timely file motion for conversion prior to accrual of substantial Chapter 7 administrative costs. This appeal followed.

## II. Standard of Law

This court reviews the bankruptcy court's findings of fact, including whether a debtor acts in bad faith, for "clear error," and its conclusions of law "de novo." *In re Copper*, 314 B.R. 628, 630 (B.A.P. 6th Cir. 2004), *subsequently aff'd,* 426 F.3d 810 (6th Cir. 2005); *Alt v. United States (In re Alt)*, 305 F.3d 413, 420 (6th Cir. 2002). "Clear error occurs only when . . . [there is] a definite and firm conviction that a mistake has been committed. If there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Mitan v. Duval (In re Mitan)*,

573 F.3d 237, 241 (6th Cir. 2009) (internal quotation marks and citation omitted). This court reviews the bankruptcy court's decision to decide the motion based on the briefs, oral argument, and the undisputed facts, without an evidentiary hearing, for abuse of discretion. *Zizza v. Pappalardo (In re Zizza)*, 500 B.R. 288, 294 (B.A.P. 1st Cir. 2013); *see Alley v. Bell*, 307 F.3d 380, 389 (6th Cir. 2002).

### III. Analysis

**A. The bankruptcy court did not err in denying Debtor's motion to convert.**

The first issue on appeal is whether the bankruptcy court erred in denying Debtor's motion to convert his Chapter 7 case to Chapter 13. In *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 374-76 (2007), the Supreme Court held that a debtor's bad faith can be grounds for denying a debtor's motion to convert from Chapter 7 to Chapter 13. This holding was consistent with the Sixth Circuit's prior decisions reaching the same conclusion. *Alt, supra*, 305 F.3d at 421-22, *Copper v. Copper (In re Copper)*, 426 F.3d 810, 815 (6th Cir. 2005). The Sixth Circuit has established that good or bad faith is a "fact-specific and flexible determination," and reviewing courts may consider many factors including: (1) the debtor's sincere desire to repay the debt, (2) whether the debtor has

- 8 -

been forthcoming with the bankruptcy court and creditors, (3) whether the debtor accurately scheduled property, (4) the debtor's motive in filing the petition, and (5) the debtor's pre- and post-petition treatment of creditors. *Alt*, 305 F.3d at 419-20. In *Copper*, the Sixth Circuit added additional factors that a court may consider in determining whether a debtor's request for conversion should be denied including: (1) falsification of documents, (2) failure to disclose assets, (3) false representations, (4) abuse of process, (5) pre-petition conduct, (6) futility, and (7) the debtor's reason for moving to convert. *Copper*, 426 F.3d at 814-16 (collecting cases).

In its thoughtful opinion, the bankruptcy court carefully considered the arguments by both sides and recognized that the two adversary proceedings arising out of Debtor's fraudulent transfers had not yet been tried, and thus, did not consider the disputed facts in the adversary proceedings. (ECF No. 5, PageID.472). However, the court based its decision of the following undisputed facts: (1) Debtor gave two lump sum payments to his wife of $115,790 and the other for $55,048 without consideration, that he recorded the quit claim deed the day after the Judgment Creditor obtained the attorney fee award transferring his home to his wife for no consideration and that he gave up his ownership in Family First after entry of the Judgment; (2) Debtor failed to disclose the transfer of

- 9 -

his home to his wife, the payment of the two lump sums to his wife, and his divestment of his interest in Family First, (3) Debtor has taken frivolous legal positions that increase litigation costs by, for example, by filing a baseless summary judgment motion, (4) at hearings held on September 7, 2018, October 12, 2018, March 22, 2019, May 20, 2019, and July 19, 2019, Debtor made wild and unfounded accusations against the Chapter 7 and United States Trustees of misconduct and bad faith, (5) Debtor failed to submit a Chapter 13 plan nor any amendments to his schedules, and (6) the Debtor's motion to convert was not filed in an expeditious manner and comes only after substantial costs of administration have been incurred. The bankruptcy court also found that allowing conversion to Chapter 13 would be futile as Debtor failed to show an ability and willingness to fund a feasible plan, and all that would be accomplished would be to frustrate the Trustee's administration of the case.

On appeal, Debtor has failed to show that the bankruptcy court's above findings of fact are clearly erroneous. He argues that his conveyances to his wife were proper and blames his *pro se* status for his failure to disclose those conveyances, argues he had a right to litigate any actions and denied they were frivolous, repeated his assertion that the Trustee had engaged in misconduct, and suggested that he filed his

conversion motion at a later date because it appeared he will lose the adversary proceedings. None of these arguments contradicts the undisputed factual basis on which the bankruptcy court relied. The bankruptcy court's decision to deny Debtor's motion to convert his Chapter 7 case to Chapter 13 on the grounds discussed above was well-reasoned and comports with the Supreme Court's decision in *Marrama*, *supra*, and the Sixth Circuit's holdings in *Alt, supra* and *Copper, supra.* Debtor's argument that the denial of his conversion motion is at odds with the purpose of bankruptcy is not well taken, as there is no constitutional right to obtain the discharge of one's debt in bankruptcy, *United States v. Kras*, 409 U.S. 434, 446 (1973), and Debtor does not fall within the class of "honest but unfortunate" debtors sought to be protected by the Bankruptcy Code because he sought conversion in bad faith. Accordingly, the decision of the bankruptcy court to deny Debtor's motion to convert his Chapter 7 case to Chapter 13 shall be affirmed.

**B.     The bankruptcy court did not ignore Debtor's *pro se* status.**

Debtor also argues on appeal that the bankruptcy court did not afford him the leeway he believes he was entitled to based on his *pro se* status. But a review of the record leads to the opposite conclusion. At the hearing regarding his motion to convert his Chapter 7 case to a Chapter 13 case,

- 11 -

the bankruptcy court allowed Debtor to speak at length, even when his arguments were disjointed and cited to opinions that were irrelevant to the matters at hand. (ECF No. 5, PageID.445). Also, the court allowed Debtor a five month period of inactivity during mediation, which was an unusually lengthy period of time, specifically because of his *pro se* status. (ECF No. 5, PageID.477).

Indeed, *pro se* litigants are held to a less stringent standard than an attorney, and their papers shall be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But Debtor's *pro se* status does not exempt him from the requirement that he verify the accuracy of the information contained in his schedules and statements of financial affairs. *See Chesley v. Chesley (In re Chesley)*, 550 B.R. 882, 896 (Bankr. M.D. Fla. 2016) *("*A debtor has an obligation, independent of his attorney, to review and assure that the schedules and statements of financial affairs are accurate and complete, as attested;" *Johnson v. Lewis Cass Intermediate Sch. Dist. (In re Johnson)*, 345 B.R. 816, 825 (Bank. W.D. Mich. 2006). Here, it is undisputed that he failed to disclose his transfers of real property and funds to his wife and the transfer of his ownership interest in Family First to her, which we was required to do. Debtor's *pro se* status cannot excuse the fraudulent

transfers he made which are proper grounds for the denial of his motion to convert his Chapter 7 case to Chapter 13.

**C.    The bankruptcy court did not err in concluding an evidentiary hearing was unnecessary.**

Debtor never requested an evidentiary hearing on his motion to convert his case from Chapter 7 to Chapter 13.  Moreover, the bankruptcy court relied only on undisputed facts in reaching its decision.  In these circumstances, the bankruptcy court did not abuse its discretion in determining that an evidentiary hearing was unnecessary.  *See Cabral v Shamban (In re Cabral)*, 285 B.R. 563, 576 (B.A.P. 1st Cir. 2002) (evidentiary hearing unnecessary to court's decision to reconvert case from Chapter 13 to Chapter 7 where the debtor failed to raise any disputed facts or request an evidentiary hearing); *C-TC9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304 (2d Cir. 1997) (finding it was within the district court's discretion to decide bad faith issue and dismiss case without a formal evidentiary hearing).

## IV. Conclusion

The decision of the bankruptcy court is AFFIRMED in all respects.

IT IS FURTHER ORDERED that Appellant's motion to stay bankruptcy proceedings pending this appeal (ECF No. 9) and ex parte

motion that this court decide his appeal by a date certain (ECF No. 17) are

DENIED as MOOT.

Dated: March 30, 2020

                       s/George Caram Steeh
                       GEORGE CARAM STEEH
                       UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 30, 2020, by electronic and/or ordinary mail and mailed to LaJeff Lee Percy Woodberry at 18283 Muirland, Detroit, MI 48221.

s/Brianna Sauve
Deputy Clerk